UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERESA SCOTT,

        Plaintiff,

v.                                              Case No. 6:18-cv-474-Orl-DNF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## OPINION AND ORDER

Plaintiff, Theresa Scott, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

### I. Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

**A.     Procedural History**

Plaintiff filed applications for DIB and SSI on August 7, 2014, alleging disability beginning May 1, 2013. (Tr. 190-91, 192-96). Plaintiff subsequently amended her alleged onset date to October 2, 2013. (Tr. 217). Plaintiff's applications were denied initially on October 8, 2014, and upon reconsideration on December 9, 2014. (Tr. 64, 78, 88, 98). Plaintiff requested a hearing and on February 16, 2017, an administrative hearing was held before Administrative Law Judge Gregory Froehlich (the "ALJ"). (Tr. 32-55). On April 25, 2017, the ALJ rendered his decision finding Plaintiff not disabled. (Tr. 13-28). Plaintiff requested review of the decision which the Appeals Council denied review on February 6, 2018. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on March 29, 2018.

**B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the

Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §

1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. The ALJ's Findings

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 2, 2013, the amended alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: disorder of the cervical and lumbar spine and obesity. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except with a 30 minute sit/stand option; occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; no balancing; occasional stooping, but no kneeling, crouching, or crawling; only occasional overhead reaching; no concentrated exposure to respiratory irritants (such as dust, fumes, and gases), and no work around moving mechanical parts or work at unprotected heights.

(Tr. 17). At step four, the ALJ determined that Plaintiff was not capable of performing her past relevant work as a machine packager or garbage collector driver. (Tr. 21).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (Tr. 22). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work such jobs as sorter, information clerk, and assembler of small items. (Tr. 22). The ALJ concluded that Plaintiff was not under a disability from October 2, 2013, the amended alleged onset date, through the date of the decision, April 25, 2017. (Tr. 22).

## II.     Analysis

Plaintiff presents two issues on appeal: (1) whether the ALJ erred by failing to accord adequate weight to Plaintiff's treating physician John Turner, M.D.; and (2) whether the ALJ erred by failing to properly assess Plaintiff's subjective complaints of disabling pain. The Court will address each issue in turn.

### a)  Whether the ALJ erred by failing to accord adequate weight to Plaintiff's treating physician John Turner, M.D.

Plaintiff argues that the ALJ erred by failing to evaluate Dr. Turner's opinion according to the appropriate factors. (Doc. 20 p. 7). Plaintiff contends that the ALJ failed to discuss aspects of the record which were consistent with Dr. Turner's opinion. (Doc. 20 p. 7). Plaintiff argues that to the extent the record lacked evidence relevant to any particular factor, the ALJ had a duty to

recontact Dr. Turner to determine whether such evidence was available. (Doc. 20 p. 7). In response, Defendant contends that the ALJ properly rejected Dr. Turner's unsupported opinion. (Doc. 24 p. 5-9).

The record shows that Dr. Turner completed a medical statement form on Plaintiff's behalf on February 2, 2017. Dr. Turner listed Plaintiff's diagnoses as chronic neck and back pain. (Tr. 393). Dr. Turner opined that Plaintiff could: work 1 hour a day; stand for 30 minutes at one time and 1 hour in a workday; sit for 30 minutes at one time and 1 hour in a workday; lift 5 pounds occasionally and 5 pounds frequently. (Tr. 393). Dr. Turner opined that Plaintiff could never: bend, stoop, and balance; raise her right and left arms above her shoulder; and work around dangerous equipment. (Tr. 393-94). Dr. Turner opined that Plaintiff could occasionally: perform fine manipulation with her left and right hands; perform gross manipulation with her left and right hands; operate a motor vehicle; tolerate heat and cold; be exposed to dust, smoke, and fumes; be exposed to noise; and must elevate legs. (Tr. 393-94). Dr. Turner opined that Plaintiff suffers from severe pain. (Tr. 394).

In his decision, the ALJ addressed Dr. Turner's opinion as follows:

> In a medical source statement dated February 21, 2017, John Turner, M.D., the claimant's primary care physician, noted that the claimant has chronic severe neck and hack pain. He opined that the claimant is only able to work 1 hour per day. He indicated that the claimant is only able to stand 1 hour in a workday and sit 1 hour in a workday; she is only able to lift and carry 5 pounds; and she is not able to bend, stoop, or raise the arms above the shoulder. He further noted that the claimant is limited to occasional fine and gross manipulation of the hands (Exhibit 6F).
>
> However, little weight is given to Dr. Turner's medical opinion because the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive. For example, a consultative examination was relatively unremarkable. The claimant had low paravertebral muscle spasms and point tenderness in the SI joint with reduced range of motion of the cervical and lumbar spine, for example; however, sensory perception was intact and normal. Fine and gross motor

skills were within normal limits (Exhibit 3F/7). The claimant was able to walk without difficulty. She was able to walk on toes and heels. Rhomberg sign was negative. She was able to drive herself to the examination. Muscle strength was 5/5 throughout (Exhibit 3F/8). The consultative examination was performed in October 2014; however, there is no indication in the record that the claimant's condition has deteriorated since that time. There is an additional concern that Dr. Turner has relied too heavily on the claimant's subjective report of her symptoms and limitations, uncritically accepting as true most, if not all, of what the claimant reported. Notably, the doctor's opinion is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion. In addition, the claimant has described daily activities that are not limited to the extent one would expect given Dr. Turner's medical source statement.

(Tr. 20-21).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). In determining the weight to afford a medical opinion, the ALJ should consider such factors as the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence,

the specialization of the doctor, and any other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the ALJ provided good cause for according little weight to Dr. Turner's opinion. The ALJ rejected Dr. Turner's opinion on the basis that it was conclusory and unsupported, as Dr. Turner provided no medical records or explanation for the limitations he circled beyond stating only that Claimant's limitations arose from chronic back and neck pain. (Tr. 393-94). *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004) ("A treating physician's report may be discounted when it is not accompanied by objective evidence or is wholly conclusory.") (internal quotations omitted). Further, the ALJ explained that Dr. Turner's opinion was unsupported by Claimant's "relatively unremarkable" physical examination, which Dr. Barber performed about a year after the alleged onset of Claimant's disability. (Tr. 20). Dr. Barber's examination revealed that Claimant walked without difficulty, could walk on heels and toes, exhibited full (5/5) strength in both upper and lower extremities, had no edema (swelling) in her lower extremities, got on and off the examination table, had a supple neck, showed normal fine and gross manipulation, and had intact sensation. (Tr. 356-59). In his decision, the ALJ gave greater weight to Dr. Barber's opinion, explaining that Dr. Barber's opinion was more consistent with these physical findings documented in the examination report. (Tr. 20).

The Court rejects Plaintiff's argument that the ALJ committed reversible error by failing to specifically address each factor evaluating Dr. Turner's opinion. As Defendant notes, the Eleventh Circuit have both persuasively held that though an ALJ should consider all factors in 20 C.F.R. § 404.1527(c), an ALJ does not have to explicitly address each factor in his decision. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011).

The Court finds no error in the ALJ's determination that Dr. Turner's opinion is entitled to little weight. Accordingly, the Court will not disturb the ALJ's findings upon appeal.

### b) Whether the ALJ erred by failing to properly assess Plaintiff's subjective complaints of disabling pain.

Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective complaints of disabling pain by failing to consider the appropriate factors. (Doc. 20 p. 9-10). Defendant contends that substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints of disabling pain were not entirely credible. (Doc. 24 p. 11-13).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and

persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In this case, the Court finds no error in the ALJ's credibility finding because substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical and other evidence of record. (Tr. 18). As the ALJ explained, three doctors, including Plaintiff's chiropractor, an examining physician, and reviewing physician, each opined that Plaintiff could perform activities consistent with a range of light work. (Tr. 20-21). *See Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 712 (11th Cir. 2015) (holding the court could infer the ALJ's rationale from the ALJ's decision where the ALJ broadly stated that the Plaintiff was not credible to the extent the testimony was inconsistent with the medical evidence and where the ALJ had discussed at length why the record did not support similar opinions by the Plaintiff's providers). In rejecting Dr. Turner's opinion, the ALJ explained that Dr. Turner "relied too heavily on the Plaintiff's subjective report of her symptoms and limitations, uncritically accepting as true most, if not all, of what the Plaintiff reported." (Tr. 20). When giving Dr. Barber's opinion greater weight, the ALJ noted that Dr. Barber's opinion was consistent with his relatively unremarkable examination (discussed above). (Tr. 20). The ALJ also explained that Dr. Barber's opinion was consistent with the level of care Plaintiff received. (Tr. 20). As the ALJ summarized in his decision, Plaintiff received chiropractic care until shortly after the alleged onset of her disability when her chiropractor, Dr. Hill, released Plaintiff to perform light duty activities. (Tr.337). The record reveals no subsequent treatment in 2013 or 2014 for her back and neck. Instead, as Dr. Barber

noted during his October 2014 examination, Plaintiff was not taking any regular medication and was not under medical care for her cervical and lumbar strain. (Tr. 360). Though Plaintiff received emergency room care for an unrelated condition in April 2014, the ALJ noted that Plaintiff's back was non-tender with a normal range of motion with normal strength in her extremities. (Tr. 19-20, 347). Hence, the ALJ provided enough discussion to permit the Court to conduct meaningful judicial review of the ALJ's decision and determine that it is supported by substantial evidence. *Tieniber*, 720 F.2d at 1255.

The Court rejects Plaintiff's argument that the ALJ erred by solely because the objective medical evidence did not substantiate the degree of limitation alleged. The ALJ did not rely solely on objective medical evidence, but instead, also relied on evidence such as medical opinion evidence, Plaintiff's course of treatment, and Plaintiff's daily activities. Accordingly, Plaintiff's argument that the ALJ impermissibly relied solely on objective medical evidence is unavailing.

**III)   Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties